UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDLAND POLEON,

      Plaintiff,

v.                                                          Case No:   6:14-cv-2034-Orl-40TBS

ESTES EXPRESS LINES, JIM RHODES
and DAVID RUBITO,

      Defendants.

_____

## ORDER

Pending before the Court is Defendants' Motion to Compel (Doc. 50).   Plaintiff has

not responded to the motion and the time within to do so has expired.   When a party fails

to respond, that is an indication that the motion is unopposed.   Foster v. Coca-Cola Co.,

2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (citing Jones v. Bank of America, N.A.,

564 F. App'x 432, 434 (11th Cir. 2014)); Strykul v. PRG Parking Orlando, L.L.C., Case

No. 6:14-cv-211-Orl-31GJK, 2015 WL 789199, at *2 (M.D. Fla. Feb. 24, 2015).   Given

Plaintiff's failure to respond, the Court proceeds on the basis that Plaintiff does not

oppose the relief requested by Defendants.

Plaintiff filed this lawsuit in state court to recover unpaid overtime compensation

pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. and for breach

of an oral contract to pay wages[1]   (Doc. 2).   Defendants timely removed the case to this

Court (Doc. 1).   Plaintiff alleges that he worked as a "Dock Worker" for Defendants and

that although he routinely worked in excess of 40 hours per week, he "was not

---

[1] Plaintiff also alleges, on information a belief, that there are numerous other similarly situated persons who are and have been employed by Defendants, who should be given the opportunity to join this lawsuit.

compensated at a rate of 1.5 times his hourly rate."   (Doc. 2 ¶¶ 9-10).   Defendants admit they employed Plaintiff, but deny his claim for unpaid overtime compensation (Doc. 12). Defendants seek an order compelling Plaintiff to respond to their First Set of Interrogatories and First Request for Production of Documents (Doc. 50).

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible."   Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."   Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978).   A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."   Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980); see also Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556 (7th Cir. 1984) (If Court is in doubt concerning the relevancy of requested discovery the discovery should be permitted.).

Federal Rule of Civil Procedure 33 allows parties to serve interrogatories which relate to any matter that may be inquired into under Rule 26(b).   Rule 33 directs that each interrogatory be answered "separately and fully in writing under oath."   FED. R. CIV. P. 33(b)(3).   Federal Rule of Civil Procedure 34 permits a party to request the production of documents and things for inspection and copying.   A request for production "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A).   The recipient of interrogatories or a request to produce has thirty (30) days to respond.   FED. R. CIV. P. 33(b)(2), 34(b)(2)(A).

The responding party must state with specificity the grounds for any objection it has.   See id. at (b)(4).   Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable."   Panola Land Buyers Assoc. v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)).   On motion, the court may compel a non-complying party to answer interrogatories and produce documents.   See Fed. R. Civ. P. 37(a)(3)(B)(iii).   If a motion to compel is granted, the court must direct the party whose conduct necessitated the motion, "or the attorney advising that conduct, or both," to compensate the movant for "reasonable expenses incurred in making the motion, including attorney's fees," except in certain limited circumstances.   Fed. R. Civ. P. 37(a)(5)(A).

Defendants served their interrogatories and request to produce on Plaintiff on December 16, 2015, making his responses due no later than January 15, 2016 (Doc. 50 at 1).   Plaintiff has failed to provide the requested discovery, object, or otherwise respond.   The Court finds that through inaction, Plaintiff has waived any objections he might have had to the interrogatories and request to produce.   Accordingly, Defendant's Motion to Compel (Doc. 50) is **GRANTED**.   Plaintiff has **through March 23, 2016**[2] to serve on Defendants full and complete answers to the interrogatories, a full and complete response to the request for production, and copies of all of the documents sought in the request for production.   Defendants shall not recover fees and costs from Plaintiff because they failed to ask for them in their motion.

---

[2] Plaintiff has known, or should have known, since the motion to compel was filed and he elected not to respond, that the motion would in all probability be granted.   Therefore, he has had more than enough time to prepare his responses to the interrogatories and request to produce.

**DONE** and **ORDERED** in Orlando, Florida on March 15, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
*Pro se* Plaintiff